```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  JOHN E. LEE (Cal. Bar No. 128696
    MONICA E. TAIT (Cal. Bar No. 157311)
 5  Assistant United States Attorneys
         1100 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone:  (213) 894-3995/2931
         Facsimile:  (213) 894-2380/6269
 8       E-mail:     John.Lee2@usdoj.gov
                     Monica.Tait@usdoj.gov
 9
10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
11
```

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>                   v.<br><br>REAL PROPERTY LOCATED AT 475<br>MARTIN LANE, BEVERLY HILLS,<br>CALIFORNIA,<br><br>                   Defendant.<br><br>CHRISTOPHER KIM, ET AL.<br><br>                   Claimants.<br><br>LAW OFFICE OF ERIC HONIG,<br>APLC, AND ERIC HONIG,<br><br>         Intervenors.<br><br>UNITED STATES OF AMERICA,<br><br>         Intervenor. | No.  CV 04-2788 ABC (PLAx)<br>      CV 04-3386 ABC (PLAx)<br>      CV 04-3910 ABC (PLAx)<br><br>      (Consolidated Cases)<br><br>(~~Proposed~~)<br>AMENDED JUDGMENT RE:<br>INTERVENTION ATTORNEY'S FEES<br>(AMENDING DOCKET NO. 702) |
|---|---|

The Court having reviewed the accompanying stipulation between plaintiff United States of America and intervenors Eric Honig and Law Offices of Eric Honig, APLC (collectively, "Intervenors") for entry of this Amended Judgment hereby finds as follows:

1. On July 19, 2010, the Court entered an order permitting Intervenors to intervene as of right in these consolidated actions pursuant to Fed. R. Civ. P. 24(a) (docket no. 689 in CV 04-2878) (the "Intervention Order"). In the same order, the Court held that attorney fee awards ordered in this action by this Court to the Kim Claimants[1] pursuant to 28 U.S.C. § 2465(b) belong and should be paid directly to Intervenors. The Intervention Order was later vacated by the Ninth Circuit and the matter remanded to this district court. The prior stipulated Judgment entered as document 702 was dependent in part upon the resolution on the merits of an appeal of the Intervention Order. The fact that the Intervention Order was vacated without a decision on the merits by the Ninth Circuit rendered certain conditions of document 702 impossible to fulfill.

2. Definitions of terms used in this Judgment:

    a. "Intervention Attorney's Fees" refers to an award of attorneys fees to Intervenors relating to work performed solely on behalf of Intervenors to and including September 21, 2010; and

---

[1] The "Kim claimants" are Christopher Kim, also known as Kyung Joon Kim; Bora Lee; Erica Kim; Se Young Kim; Young Ai Kim; Alexandria Investments, LLC; and First Stephora Avenue, Inc.

1      b.   "Wrongful Levy Action" means the matter <u>Law Offices of Eric Honig, A.P.L.C., et al. v. United States</u>, CV 09-7568-ABC.

3.   It is the intent of the United States and Intervenors to resolve the Intervention Attorney's Fees by their accompanying Stipulation, their prior Stipulation docketed as document number 701 (the "agreement"), and this Amended Judgment.  The parties have agreed that the reasons for their settlement and the terms thereof are not fully and completely expressed in their agreement and that the agreement, or the fact that the parties have entered into an agreement, may not be used, referenced or cited in any future fee dispute.  By entering into their agreement and its provisions, the government has not conceded (a) that it was not substantially justified with respect to any positions taken in these consolidated actions or the Wrongful Levy Action; (b) that Intervenors or their counsel are entitled to a fee award under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) or any other statute; (c) that any hourly rate upon which the parties' agreement is based is either the true rate billed, or a reasonable rate for purposes of any fee-shifting statute; (d) that any billing method or practice used in this case is reasonable for the purposes of any fee-shifting statute; or (e) that any amounts claimed by the Intervenors were reasonably incurred by them. Neither the Kim claimants, nor Intervenors, nor counsel for Intervenors may cite to or rely upon the agreement or this Judgment in support of an argument concerning attorney fees against the Unites States (or any of its departments or

agencies), either to establish entitlement to fees under any statute or to establish a claimed hourly rate or scope of allowable work, in any federal district or appellate court.

4. Pursuant to the parties' Stipulation and agreement, judgment is hereby entered for Intervention Attorney's Fees in favor of Intervenors and against the United States in the amount of $159,760.98 (the "Settlement Amount"). The United States has already paid $79,880.49 of the Settlement Amount pursuant to document 702. The Payment of the remaining $79,880.49 of the Settlement Amount depends on the outcome of an appeal of the <u>Order Re: Motion to Determine Ownership of Fees</u> entered October 5, 2012 and docketed as no. 1036 in this action ("Dkt. 1036"). If Dkt. 1036 is either affirmed in its entirety or at least to the extent of awarding the unpaid balance of the separate March 19, 2008 attorney's fee award in the amount of $1,172,137.90 ("the $1,172,137.90 Fee Award") or the $282,650 supplemental attorney fee award against the government ordered on January 25, 2010, Docket No. 144 in Case No. CV 05-3910 (the "$282,650 Fee Award") to Intervenors, and such decision is not appealed further, or certiorari is denied, or is affirmed by the United States Supreme Court, or all appeals of Dkt. 1036 are dismissed, then the United States shall pay the remaining $79,880.49 of the Settlement Amount within 45 days after the issuance of the mandate of the last court to consider the matter (or within 45 days after the final denial of certiorari, whichever is later). If, however, Dkt. 1036 is either

4

1 reversed in its entirety or at least to the extent of
2 awarding the unpaid balance of the $1,172,137.90 Fee Award
3 or the $282,650 Fee Award to anyone other than Intervenors,
4 and such decision is not appealed further, or certiorari is
5 denied, or is affirmed by the United States Supreme Court,
6 then the United States shall neither pay nor owe the
7 remaining $79,880.49 of the Settlement Amount.

    5.   In consideration of the agreement, Intervenors and their counsel have released and waived any claim either of them may have for attorney's fees in connection with the Wrongful Levy Action to and including September 21, 2010.

    6.   Except as specifically provided above, each party shall bear its own costs of litigation and attorney's fees in connection with the Settlement Amount.  Each party waives its right to appeal this Amended Judgment.  The Court retains jurisdiction over the intervention matter and the parties hereto to effectuate the terms of the agreement.  This judgment amends the prior judgment entered as document 702.

**IT IS SO ORDERED.**

DATED: November 7, 2012   _____
                                        The Honorable Audrey B. Collins
                                        UNITED STATES DISTRICT JUDGE